UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH AND IVA SAMOST,<br><br>   Plaintiffs / Counterclaim Defendants,<br><br>   v.<br><br>PAULA LUBORSKY,<br><br>   Defendant / Counterclaim Plaintiff. | HONORABLE ROBERT B. KUGLER<br><br>CIVIL ACTION NO. 13-7365<br><br>**OPINION** |

**APPEARANCES:**

HAGNER & ZOHLMAN, LLC
By:  Thomas J. Hagner, Esq.
57 Kresson Road
Cherry Hill, New Jersey 08034
          Counsel for Plaintiffs / Counterclaim Defendants

GREEN, LUNDGREN & RYAN, ESQS.
By:  Francis X. Ryan, Esq.
20 Brace Road, Suite 200
Cherry Hill, New Jersey 08034
          Counsel for Defendant / Counterclaim Plaintiff

**KUGLER**, United States District Judge:

   Perhaps to oversimplify more than 15 years' worth of litigation between the parties and their various family members, the instant case is about a dam.  Specifically at issue is Counterclaim Defendant Joseph Samost's legal responsibility to

1

construct a dam (and resulting lake) adjacent to Counterclaim Plaintiff Paula Luborsky's property in Marlton, New Jersey.[1]

Presently before the Court are two motions, both filed by Counterclaim Defendant Joseph Samost: (1) a "Motion to Vacate Orders [pursuant to Fed. R. Civ. P. 60(b)], or Alternatively, in Aid of Litigant's Rights" (Docket #33); and (2) a Motion for Summary Judgment (Docket #46).  For the reasons stated herein, both motions will be denied in their entirety, except that summary judgment is warranted on Luborsky's unjust enrichment counterclaim.[2]

## I.

This suit involves the enforcement of a settlement agreement in a case filed in 1999, which was principally between Joseph Samost and his son, Stephen Samost, although Paula Luborksy, Stephen Samost's estranged wife, was a defendant to the suit as

---

[1]  The Court exercises diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

[2]  Oral argument on the instant motions was to be held on March 17, 2016.  When counsel for Luborsky failed to appear, the Court adjourned the argument to April 7, 2016.  However, upon further reflection, the Court has concluded that oral argument is unnecessary. See generally L. Civ. R. 78.1(b)("All motions and other applications will be decided on the papers submitted unless (1) a party requests oral argument and the request is granted . . . or (2) the Court, sua sponte, directs that oral argument be held.").

2

well.[3]  That settlement agreement, signed in 2004, as well as several other court orders, undisputedly requires Joseph Samost to construct the dam at issue.

The instant iteration of the dispute between Plaintiff / Counterclaim Defendant Joseph Samost and Defendant / Counterclaim Plaintiff Paula Luborsky was originally part of three related suits, all filed around the same time in 2013.  They were consolidated at least for discovery purposes.

Then, on December 30, 2014, Judge Irenas held oral argument on seven motions filed in the various cases, after which he granted summary judgment to various defendants on all of Joseph Samost's claims in all cases.[4]  Most directly relevant to the instant motions, Judge Irenas also granted summary judgment, as to liability only, to Luborksy on her counterclaims to enforce the 2004 settlement agreement and her breach of contract claim based on the same settlement agreement.[5]  (See 13-cv-7365, Docket #16)

---

[3] Senior United States District Judge Irenas presided over that suit, and the present suit, until his death in October 2015, when the case was reassigned to the undersigned.

[4] Recently, the Court of Appeals affirmed in part and reversed and remanded in part Joseph Samost's suit against Stephen Samost and Stephen's various corporate entities, Civil Action Number 13-6886.  Mandate issued on March 7, 2016.  A docket entry directs Joseph Samost to prepare and file a proposed order on mandate.  To date, no such order has been filed.

[5] The only difference between the two claims seems to be the potential damages available.  For example, attorneys fees may be

Joseph Samost presently seeks to vacate four separate orders entered by Judge Irenas which would, in effect, undo 15 years of litigation by relieving Joseph Samost of his obligation to build the dam.

Alternatively, Joseph Samost seeks to compel Luborsky to allow entry onto her property for construction of the dam / lake at issue-- a dam which this Court has held, multiple times, was (and is) Samost's responsibility to construct since the settlement of the original suit in 2004.  Now, more than 10 years later, Samost contends that Luborsky has made it "impossible" (Moving Brief, p. 7) for him to comply with his obligations under the settlement agreement and related court orders.

The issue of Luborksy's damages-- which mainly involves the diminution of her property's value (i.e., her lake-front property has no lake)[6]-- is the subject of the instant summary judgment motion.

---

recoverable on the enforcement of the settlement claim, whereas fees usually are not recoverable for breach of contract.
    Luborsky's Answer also asserts a third counterclaim for unjust enrichment.

[6] Judge Irenas ordered, "[c]ompensation for Luborsky's 'loss of use and enjoyment of' the subject property may be allowed if the relevant dam is constructed prior to the resolution of this suit. Otherwise, the Court shall treat that issue as subsumed by the issue of the property's diminution in value." (Docket #27, Order of February 24, 2015).

In granting Luborsky's motion for summary judgment as to liability, Judge Irenas stated in his oral opinion, "[t]he Court's previous orders could not be more clear: Joseph Samost has always had responsibility for Flamingo Road and related dams." (Boyer Decl. Ex. A, Transcript of December 29, 2014 hearing, p. 51)  It is precisely those orders which Samost now seeks to vacate.

**II.**

**A.**

Federal Rule of Civil Procedure 60(b) provides, in relevant part, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding [when] . . . applying [the judgment] prospectively is no longer equitable" or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(5) and (6).

**B.**

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When determining whether there is

a genuine issue of material fact, the court views the facts, and draws all reasonable inferences, in favor of the nonmoving party. *Id.* at 255.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the nonmoving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.

The Court first addresses the Motion to Vacate Orders, and then the Motion for Summary Judgment.

### A.

The Motion to Vacate fails for three reasons.

First, the Motion is procedurally improper because it seeks to vacate orders entered in a different case. The orders sought to be vacated were filed in the original 1999 Joseph Samost v.

6

Stephen Samost suit, 99-cv-3035. The Rule 60(b) Motion filed in this case is not the proper vehicle for the relief Joseph Samost seeks; obtaining such relief would require a motion to reopen the 1999 case.

Second, even if Joseph Samost could overcome the heavy presumption of finality that attaches to the closure of 15 year-old case, and additionally, the finality that attaches to four separate court orders entered in 2001, 2004 and 2005, it would not matter because there is still another order that requires Samost to construct the dam: the order entered in this case, granting summary judgment to Paula Luborsky on her claims to enforce the settlement of the 1999 case. As discussed below, Samost apparently mistook what that order said, and so he has not moved to vacate it. But that December 30, 2014 Order does indeed separately impose an obligation to construct the dam. In short, Judge Irenas reaffirmed for a fifth time: Joseph Samost must construct the dam.

Third, even assuming *arguendo* that under Rule 60(b) the Court could grant the relief Joseph Samost seeks, Samost has not sustained his burden of demonstrating that "applying [the challenged orders] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Samost has been obliged to build the dam at issue since 2004, and yet no dam has been built. The Court cannot hold on this record that the equities favor Samost. While the

Court need not make any factual findings at this time, the instant motion begs the question, perhaps if Samost had timely complied with the Court orders he now seeks to vacate, he would not presently find himself in the alleged impossible position he describes.[7]

Samost's alternative request for relief also fails.

Simply put, Joseph Samost-- the Counterclaim Defendant to Luborsky's counterclaims-- has no "rights" to enforce. Samost has identified no statute, regulation, contract, title, deed, or any other authority requiring Luborsky to grant anyone a license to enter her property. Samost has the opposite of a right; he has an obligation to build the dam.

Samost has no legal basis for the alternative relief he seeks.

The motion will be denied in its entirety.

**B.**

Before turning to the damages issues raised by the summary judgment motion, three other issues must be disposed of.

First, as noted above, Samost appears to misunderstand Judge Irenas's order of December 30, 2014. The issue of Samost's

---

[7] Samost asserts no separate reason that would justify relief under Rule 60(b)(6). Thus, for the same reasons the Court will deny relief under Rule 60(b)(5), the Court will deny relief under Rule 60(b)(6).

8

liability to Luborsky was decided in Luborsky's favor and against Samost when Judge Irenas granted summary judgment as to liability only on Luborsky's counterclaims. The Order states: "Docket # 41, Motion for Summary Judgment by Paula Luborsky is hereby GRANTED as to the counterclaims against Joseph Samost only." (i.e., the motion was denied insofar as it sought relief against Iva Samost. Joseph Samost's cross-motion as to this issue was granted in the same order, thereby terminating Iva Samost as a party to this suit).

Judge Irenas' oral opinion from the bench confirms this conclusion. Judge Irenas held, "as a matter of law, Joseph is not entitled to the declaration he seeks with respect to Flamingo Road and the dams, and Luborsky is, as a matter of law, entitled to enforce the Court's previous orders." (Boyer Decl. Ex. A, Transcript of December 29, 2014 hearing, p. 53) After addressing the several other motions argued at the hearing, Judge Irenas summed up: "Thus, the only remaining issues in this case are, 1, the relief, the damage issues related to Luborsky's claim against Joseph and any motion to reopen, which might be filed . . . . That's all that's left in the case." (Id., p. 57-58) (No motion to reopen was ever filed.)

Therefore, Samost's arguments that attempt to negate liability-- namely, the receiver argument and the statute of

9

limitations argument-- are precluded.  Samost's liability has been established as a matter of law, and will not be revisited.

Second, Samost asserts that "Luborsky's claims fail because her damages do not rise to the jurisdictional requirement of this Court." (Reply Brief, p. 6)  This argument is clearly meritless.  Luborsky's claims are counterclaims.  This Court's subject matter jurisdiction over those claims derives not from the diversity statute, 28 U.S.C. § 1332, but rather, the supplemental jurisdiction statute, 28 U.S.C. § 1367.  Unlike § 1332, § 1367 has no jurisdictional threshold.  So long as this Court has subject matter jurisdiction over Samost's claims against Luborsky-- which appears beyond dispute given Samost's assertions that rebuilding the dam will cost "millions" of dollars (Boyer Decl. Ex. A, Transcript of December 29, 2014 hearing, p. 9)-- this Court may exercise jurisdiction over Luborsky's counterclaims.

Third, as Samost observes, the record is unclear as to whether Luborsky's unjust enrichment counterclaim against Samost has been dismissed.  However, the parties appear to agree that, as a matter of law, the unjust enrichment claim cannot survive now that Luborsky has successfully obtained summary judgment on her breach of contract claim.  The Court finds no order explicitly dismissing the unjust enrichment counterclaim.  For clarity's sake the Court will grant summary judgment to Samost on the unjust enrichment counterclaim.

Finally, as to summary judgment on Luborsky's damages, Samost argues he is entitled to summary judgment because: (1) Luborsky has suffered no damages; (2) any damages she has suffered were not foreseeable; and (3) she has failed to mitigate her damages.

Samost argues that Luborsky has suffered no damages because she testified at her deposition that she intends to stay in her house indefinitely. He reasons that Luborsky can only suffer damages if she sells her property at a lower price.[8]

This argument fails. Even assuming *arguendo* that Luborsky can recover nothing for the diminution of value of her property / loss of use and enjoyment of her property, the record demonstrates that she has suffered other damages, most notably attorneys fees incurred in seeking to enforce the 2004 settlement, as well as property maintenance costs resulting from Samost's failure to maintain and rebuild the adjacent road and dam.

With regard to the foreseeability of Luborsky's damages as a result of Samost's breach of the 2004 settlement agreement, Luborsky has put forth sufficient evidence to raise a jury question as to foreseeability. A reasonable factfinder could find that Samost's extremely prolonged failure to rebuild Flamingo

---

[8] Samost also asserts that "[b]y the time Ms. Luborsky might want to sell her home, the remaining dam will be restored," (Moving Brief, p. 10)-- a questionable assertion given: (a) the history of this litigation, and (b) Samost's instant motion to vacate the orders requiring him to construct the dam.

11

Road, and the dam, would foreseeably lead to diminution in property value, loss of use and enjoyment of the property, and related maintenance costs to Luborsky's property.

Mitigation of damages is also a jury question. New Jersey law does not require mitigation at any cost. Rather, as Samost's own papers acknowledge, a non-breaching party is only obligated to take reasonable steps to mitigate damages. *See Ingraham v. Trowbridge Builders*, 297 N.J. Super. 72, 82-83 (App. Div. 1997)("[I]t is well settled that injured parties have a duty to take *reasonable* steps to mitigate damages. Damages will not be recovered to the extent that the injured party could have avoided his losses through *reasonable efforts without undue risk, burden or humiliation*.")(internal citations and quotations omitted; emphasis added). Samost proposes that Luborksy should have mitigated her damages by "restoring the lakes herself." (Moving brief, p. 12) Luborsky is entitled to have a jury evaluate the reasonableness of Samost's proposal. *See id.* at 84 ("Whether or not a plaintiff's efforts to mitigate his or her damages are reasonable is a question for the trier of fact.").

Samost's Motion for Summary Judgment will be denied except as to Luborsky's unjust enrichment counterclaim.

12

**IV.**

For the above-stated reasons, Joseph Samost's motions will be denied, except that summary judgment will be granted as to Luborsky's unjust enrichment counterclaim.

An appropriate Order accompanies this Opinion.


Dated:   March 24, 2016

                                        __s/ Robert B. Kugler_____
                                        **Robert B. Kugler, U.S.D.J.**