NOT FOR PUBLICATION                                    (Doc. Nos. 100, 105)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                            :
JOSEPH and IVA SAMOST,                      :      Civil No. 13-7365 (RBK/JS)
                                            :
           Plaintiffs /                     :
           Counterclaim Defendants,         :      **OPINION**
                                            :
                                            :
                                            :
           v.                               :
                                            :
PAULA LUBORSKY,                             :
           Defendant /                      :
           Counterclaim Plaintiff.          :
_____        :

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant/Counterclaim Plaintiff Paula Luborsky

("Plaintiff")'s Motion to Alter Judgment, to Make Supplemental and/or Amended Findings, or,

in the Alternative, for Reconsideration (Doc. No. 100) and Plaintiff's Motion for Attorney Fees

(Doc. No. 105). For the following reasons Plaintiff's Motion to Alter Judgment, Make

Supplemental and/or Amended Findings, or, in the Alternative, for Reconsideration is **DENIED**.

Plaintiff's Motion for Attorney Fees is **GRANTED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Court need not belabor the factual background of the ongoing dispute amongst the

Samost family which led to the recent contempt trial associated with the instant motions. The

Court laid out the relevant factual background regarding this case in its opinion entered August

2, 2016. August 2, 2016 Opinion at 2-5 (Doc. No. 98). On August 2, 2016, this Court held

Defendant Joseph Samost in contempt of court and ordered that Samost should pay Plaintiff's

attorneys' fees, expert fees, and cost associated with the action, but only such fees as generated

in federal court and not in the related state court proceeding. Plaintiff filed the instant motion to

alter judgment, to make supplemental and/or amended findings, or, in the alternative, for

reconsideration on August 15, 2016. Plaintiff then filed her motion for attorney fees on

September 1, 2016.

## II.  DISCUSSION

### a.  Motion to Make Supplemental and/or Amended Findings

Plaintiff first moves to have the Court make supplemental findings allowing a judgment

which permits Plaintiff to submit an application for attorneys' fees and costs incurred in related

State Court proceedings. Plaintiff's Motion to Alter ("MTA") at 2 (Doc. No. 100-1). "On a

party's motion . . . the court may amend its findings—or make additional findings—and may

amend the judgment accordingly." Fed. R. Civ. P. 52(b). Rule 52(b) allows district courts to

"correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly

discovered evidence." *Roadmaster (USA) Corp. v. Calmodal Freight Sys.,* 153 F. App'x 827,

829 (3d Cir. 2005).

Rule 52 governs "findings and conclusions . . . by the court." Fed. R. Civ. P. 52(a). The

court finds facts in cases "tried on the facts without a jury or with an advisory jury." *Id.* Rule

52(b) relief is available after summary judgment has been granted, after a bench trial, and in

habeas proceedings. *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). The Third

Circuit has explained that "[t]he purpose of this rule is to allow the court to correct plain errors of

law or fact, or in *limited situations*, to allow the parties to present newly discovered evidence."

*Roadmaster*, 153 F. App'x at 829 (emphasis added) (citation omitted).

Plaintiff suggests that the Court had adequate facts on the record to determine that she

incurred attorneys' fees attempting to enforce this Court's orders in state court. Plaintiff cites her

testimony and Stephen Samost's testimony for the proposition that Plaintiff undertook specific

efforts to enforce this Court's orders in state court. MTA at 2-3. This testimony is not new, nor

did the Court overlook it. Plaintiff's testimony and Stephen Samost's testimony did not identify

specific attempts or filings to enforce this Court's orders in state court. Plaintiff also cites to state

court orders which reference this Court's orders as proof that the state court actions were

undertaken to enforce this Court's orders. *Id.* at 3-5.

Even if the Court were to accept Plaintiff's contention that the state court may enforce

this Court's order (rather than issue orders touching upon the same subject matter), Plaintiff has

failed to provide any case law to suggest she may recover the state court fees from this Court.

Plaintiff cites several cases to support her request for fees generated in the state court litigation.

First, Plaintiff cites *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) for the

proposition that an award of damages in a civil contempt proceeding should attempt to return the

parties to the position they would have been in had the order been obeyed. MTA 5-6. Plaintiff

then cites to three cases for the proposition federal courts have awarded attorneys' fees incurred

in enforcing the federal court's order in state court. Two of these cases (*Gilgallon v. Cty. of

Hudson*, 02-5948, 2006 WL 477042 (D.N.J. Feb. 28, 2006) and *Schermerhorn v. CenturyTel.,

Inc.*, 528 B.R. 297 (S.D. Tex. 2015)) involved an award of attorneys' fees incurred defending

state court actions that violated injunctive provisions of federal court orders. Neither the March

23, 2004 Order, nor the September 21, 2004 Order in this case contained such injunctive

provisions. The final case, *Chosin Few, Inc. v. Scott*, 209 F. Supp. 2d 593 (W.D.N.C. 2002) is

inapplicable, as that case involved Rule 11 sanctions for an attorney attempting to undermine a federal judgment.

The Court believes that the damages awarded in August 2016 have adequately put Plaintiff back in the position she would have been in had Joseph Samost obeyed the Court's original order. *Woods*, 28 F.3d at 400. The Court awarded damages for the diminution of Plaintiff's property in addition to the legal fees and costs incurred in *this Court* in *this action*. Thus, the Court has compensated Plaintiff for the damages Defendant caused by his defiance of this Court's order. The Court does not find any clear error or law or fact in the August 2, 2016 Opinion, nor has Plaintiff come forward with any newly discovered facts. Accordingly, Plaintiffs Motion to Make Supplemental and/or Amended Findings is denied.

### b.  Motion to Alter Judgment/for Reconsideration

Plaintiff also moves to alter judgment, or in the alternative, for reconsideration of this Court's previous decision not to award attorneys' fees for the state court matter. A motion to alter judgment is governed by Federal Rule of Civil Procedure 59(e), while a motion for reconsideration is brought under Local Civil Rule 7.1(i). While these motions arise under different rules, the applicable standard for each rule is the same. *See In re Vehicle Carrier Servs. Antitrust Litig.*, 13-3306, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016) (citations omitted).

Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.") A motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly.'" *Langan Eng'g & Envtl. Servs.,*

4

*Inc. v. Greenwich Ins. Co.*, Civ. No. 07–2983, 2008 WL 4330048, at \*1 (D.N.J. Sept. 17, 2008)

(citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J.

1992)).

      To prevail on a motion for reconsideration, the moving party must show at least one of

the following grounds: "(1) an intervening change in the controlling law; (2) the availability of

new evidence that was not available when the court [made its initial decision]; or (3) the need to

correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate, however, where

the motion only raises a party's disagreement with the Court's initial decision. *Florham Park*

*Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *see also United*

*States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement

with a court's decision normally should be raised through the appellate process and is

inappropriate on a motion for [reconsideration]"); *Schiano v. MBNA Corp.*, Civ. No. 05–1771,

2006 WL 3831225, at \*2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not

suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be

dealt with through the normal appellate process") (citations omitted).

      Plaintiff has not alleged any intervening change in controlling law, nor has she come

forward with new evidence that was unavailable when the Court made its initial decision

embodied in the August 2, 2016 Opinion. The Court has also already determined that there was

no clear error of law or fact in the August 2, 2016 opinion in its earlier analysis of Plaintiff's

motion to make supplemental or amended findings. *See infra* Part II.a. Thus, Plaintiff has not

shown any of the grounds required for a motion to alter judgment or a motion for

reconsideration. Accordingly, Plaintiff's motion to alter judgment or, in the alternative, for reconsideration, is denied.

### c.   Motion for Attorney Fees

Plaintiff makes a separate motion for the court to award attorney fees. This Court awarded Plaintiff attorney's fees incurred while pursuing her counterclaim for contempt against Defendant Joseph Samost and ordered that she file a fee application in accordance with Local Civil Rule 54.2. *See* August 2, 2016 Order (Doc. No. 99). As noted above, Plaintiff filed the instant motion for attorney fees on September 1, 2016. Defendant then filed a brief in opposition on September 19, 2016. Plaintiff filed her reply brief on September 26, 2016. Defendant then submitted a sur-reply on October 18, 2016. Plaintiff submitted a sur-sur-reply on October 26, 2016.

The Supreme Court has held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this calculation is called the lodestar, which is presumed to yield a reasonable fee. *Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). The party seeking fees bears the burden of establishing their reasonableness by submitting evidence supporting the hours worked and the claimed rates. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 433). The burden then shifts to the party opposing the attorneys' fees request to contest either the reasonableness of the hours or the rates claimed. *Apple Corps. Ltd. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 485 (D.N.J. 1998). Once the opposing party has met this burden, "the court has wide discretion" to determine whether the number of hours reported are

reasonable, *id.*, and whether the claimed rates are in accordance with prevailing market rates in the relevant community, *Rode*, 892 F.2d at 1183 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Even an unopposed fee application must demonstrate the reasonableness of the requested fees. *See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11–6368, 2012 WL 2369367, at *1, *4 (D.N.J. June 20, 2012).

Plaintiff originally moved for attorney's fees in the amount of $118,329, which included 273.8 hours of work by Mr. Peter J. Boyer, 5 hours of work by Robert Baranowski, 6.6 hours of work by Megan Balne, and 5.7 hours of work by Rebecca Spinella. Boyer Decl., Ex. A (Doc. No. 105-2). Plaintiff's counsel submitted a supplemental bill for time spent replying to Defendant's opposition in the amount of $3,693.50. Boyer Decl. II, Ex. A (Doc. No. 109-2). Plaintiff's counsel submitted a declaration and accompanying spreadsheet which detailed the work performed for Plaintiff, as well as the dates services were rendered, the identity of each person performing work, qualifications for each person performing work, the time spent by each person performing work, the normal rates charged by each person for their work, and the rate charged for each person's efforts. *See* Boyer Decl. ¶¶ 12-20 (Doc. No. 105-1); Boyer Decl., Ex. A. Plaintiff's counsel also provided an affidavit from a disinterested local attorney who affirmed that the fees requested are reasonable for the area. Kudatzky Decl. (Doc. No. 105-3).

Defendant argues that Plaintiff's motion for attorney's fees is deficient in several regards. First, Defendant claims that Plaintiff's application does not comply with the first requirement in Local Civil Rule 54.2, which requires that the motion shall include an affidavit and/or other documents describing "the nature of the services rendered, the amount of the estate or fund in court, if any, the responsibility assumed, the results obtained, any particular novelty or difficulty about the matter, and other factors pertinent to the evaluation of the services rendered."

Defendant specifically alleges that Plaintiff's counsel has not set forth the nature of the services rendered, the amount of the estate or fund in court, if any, the responsibility assumed, the results obtained, any particular novelty or difficulty about the matter and other pertinent factors. Samost Opp'n Br. at 5 (Doc. No. 107). Defendant further argues that Plaintiff's counsel did not distinguish between work performed by Mr. Boyer and work performed by Stephen Samost. *Id.*

Plaintiff's counsel responds that Defendant's accusation that counsel is attempting to bill for work performed by Stephen Samost is unfounded. Boyer Decl. II ¶¶ 7-10 (Doc. No. 109-1). Plaintiff's counsel also submitted a more specific description of the services, etc. as laid out in Local Civil Rule 54.2(a)(1). *Id.* ¶ 16. Plaintiff also submitted a declaration attesting to her agreement to have counsel represent her and the agreed-upon rate of representation. Luborsky Decl. ¶ 3 (Doc. No. 109-3). Plaintiff explained that bills were sent to her husband, Stephen Samost, to review due to his "greater familiarity" with the matters. *Id.* ¶ 4.

Defendant replies that Plaintiff still fails to satisfy Local Civil Rule 54.2 because Plaintiff did not supply a letter memorializing the representation. Samost Sur-Reply at 2 (Doc. No. 116. Defendant further argues that, because the bills were directed to Stephen Samost, the Court is not able to determine whether Plaintiff actually paid the fees at issue. *Id.* at 2-3.

Plaintiff responds that Local Civil Rule 54.2 only requires an affidavit or other document describing the fee agreement and amounts billed/paid. Pl.'s Sur-sur-Reply at 1 (Doc. No. 120). Plaintiff is correct. The Court notes that Plaintiff has submitted an affidavit complying with 28 U.S.C. § 1746 describing her fee agreement and amounts paid. Luborsky Decl. ¶¶ 3-4.[1] The Court further notes that Plaintiff's counsel has submitted affidavits describing the amounts billed

---

[1]. The Court finds that it is of no matter whether the payment ultimately came from Stephen Samost, Plaintiff's husband.

to Plaintiff. Accordingly, the Court is satisfied that Plaintiff's counsel has adequately described

relevant factors for evaluating services rendered as required by Local Civil Rule 54.2.

Defendant also argues that Plaintiff's fee award should be reduced because the requested

amount is unreasonably high. Samost Opp'n Br. at 5. Defendant claims that the requested fees

are too high because the hourly rate charged is unreasonable given the subject matter of the case,

because Plaintiff seeks to hold Defendant liable for time Plaintiff spent litigating against other

parties, because the fees include time spent consulting with Stephen Samost (who was allegedly

disqualified from representing Plaintiff), because the fee request seeks to hold Defendant liable

for time spent defending a motion for sanctions stemming from Plaintiff's own violation of

Federal Rule of Civil Procedure 26, and because Plaintiff incurred unnecessary fees by going to

trial to secure fees for state court proceedings. Samost Opp'n Br. at 5-14.

Plaintiff responds first to Defendant's contention that the hourly rate charged was

unreasonably high. Plaintiff argues that it is of no matter whether Defendant's attorney charged

less in the instant case or Plaintiff paid a lower rate to attorneys in state court. Pl.'s Reply Br. at 6

(Doc. No. 109). Plaintiff again has the better of this argument. A reasonable hourly rate "is to be

calculated according to the prevailing market rates in the relevant community." *Rode*, 892 F2d at

1183. Counsel is required to establish, by satisfactory evidence beyond its own affidavits, that

the rates charged reflect those prevailing in the region for similar services by lawyers with

comparable skill, experience, and reputation. *Washington*, 89 F.3d at 1035. Counsel's burden

may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge

of the hourly rates customarily charged in the relevant community, or by third party fee

structures. *See id.* at 1036; Spectrum Produce, 2012 WL 2369367, at *4 n.4. Plaintiff's counsel

has submitted such an affidavit by a non-party attorney; Defendant has not. Accordingly, the Court finds that Plaintiff's counsel charged a reasonable hourly rate.

Plaintiff does not appear to respond to Defendant's argument regarding time Plaintiff spent litigating against other parties. The Court finds that Plaintiff's spreadsheets and affidavits adequately assert that the fees sought were generated in this litigation against Defendant.

Plaintiff's counsel responds to arguments regarding Stephen Samost's involvement in the matter by affirming that all final products were his own. Boyer Decl. II ¶ 10. The Court finds that Stephen Samost's involvement does not make Plaintiff's fee application unreasonable. Despite Defendant's accusation, there is nothing to suggest that Plaintiff's counsel is attempting to charge fees for work that was actually performed by Stephen Samost. Furthermore, the time Plaintiff's counsel spent conferring with Stephen Samost went directly towards counsel's representation of Ms. Luborsky in the instant matter.

Plaintiff's counsel succinctly points out that there was no finding of non-compliance with Federal Rule of Civil Procedure 26. Boyer Decl. II ¶ 15. Rather, Defendant's motion *alleging* Rule 26 non-compliance was denied. *Id.* Accordingly, Defendant's argument regarding non-compliance with Federal Rule of Civil Procedure 26 is not a grounds for reducing Plaintiff's requested fees.

Finally, Plaintiff's counsel argues that trial was, in fact, necessary due to Defendant's reticence regarding the value of diminution to Plaintiff's property. Pl.'s Reply Br. at 7. The Court finds that the trial should not reduce Plaintiff's requested fees incurred in holding Defendant in contempt.

For the reasons stated above, the Court finds that Plaintiff is entitled to $122,022.50 in attorneys' fees in light of this Court's August 2, 2016 Order.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter Judgment, to Make Supplemental and/or Amended Findings, or, in the Alternative, for Reconsideration is **DENIED**. Plaintiff's Motion for Attorney Fees is **GRANTED**.

Dated:   03/13/2017

                                      s/ Robert B. Kugler
                                      ROBERT B. KUGLER
                                      United States District Judge